**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001069
28-FEB-2014
08:22 AM**

NO. CAAP-12-0001069

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
BARBARA S. FETUAO, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(FC-CR. NO. 11-1-0047)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Barbara S. Fetuao (**Fetuao**) appeals from a November 14, 2012 Judgment of Conviction and Sentence (**Judgment**), which was entered by the Circuit Court of the First Circuit (**Circuit Court**).[1]

After a seven-day jury trial, Fetuao was found guilty of: (1) one count of Assault in the Second Degree, in violation of Hawaii Revised Statutes (**HRS**) § 707-711(1)(b) (Supp. 2011) (**Count I**); (2) two counts of Assault in the Second Degree, in violation of HRS § 707-711(1)(d) (Supp. 2011) (**Counts II and III**); and (3) two counts of Abuse of Family or Household Members, in violation of HRS § 709-906(1) and (5) (Supp. 2011) (**Counts IV and V**).

On appeal, Fetuao does not challenge her conviction, but contends that the Circuit Court abused its discretion by sentencing her to consecutive terms of imprisonment on all counts. Fetuao claims that the Circuit Court failed to adequately state on the record the factors to support a

---

[1] The Honorable Edward H. Kubo, Jr., presided.

consecutive sentence, as required by State v. Hussein, 122 Hawai'i 495, 229 P.3d 313 (2010).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced, applicable authorities, and the issues raised by the parties, we resolve Fetuao's point of error as follows:

HRS § 706-668.5 (1993 & Supp. 2013) governs the trial court's exercise of discretion with respect to concurrent and consecutive sentencing:

> Multiple sentence of imprisonment. (1) If multiple terms of imprisonment are imposed on a defendant, whether at the same time or at different times, or if a term of imprisonment is imposed on a defendant who is already subject to an unexpired term of imprisonment, the terms may run concurrently or consecutively. Multiple terms of imprisonment run concurrently unless the court orders or the statute mandates that the terms run consecutively.
> (2) The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider the factors set forth in section 706-606.

HRS § 706-606 (1993) provides:

> Factors to be considered in imposing a sentence. The court, in determining the particular sentence to be imposed, shall consider:
> (1) The nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) The need for the sentence imposed:
> (a) To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;
> (b) To afford adequate deterrence to criminal conduct;
> (c) To protect the public from further crimes of the defendant; and
> (d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) The kinds of sentences available; and
> (4) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

The supreme court has held that "absent clear evidence to the contrary, it is presumed that a sentencing court will have considered all the factors." State v. Hussein, 122 Hawai'i 495, 518, 229 P.3d 313, 336 (2010) (citation, internal quotation marks, ellipsis, brackets, and emphasis omitted). However, the

supreme court further held in <u>Hussein</u> that "circuit courts <u>must state on the record</u> at the time of sentencing the <u>reasons for imposing a consecutive sentence</u>." <u>Id.</u> at 510, 229 P.3d at 328 (emphasis added). In support of this holding, the court reasoned:

> Such a requirement serves dual purposes. First, reasons identify the facts or circumstances within the range of statutory factors that a court considers important in determining that a consecutive sentence is appropriate. An express statement, which evinces not merely consideration of the factors, but recites the specific circumstances that led the court to impose sentences consecutively in a particular case, provides a meaningful rationale to the defendant, the victim, and the public.
>
> Second, reasons provide the conclusions drawn by the court from consideration of all the facts that pertain to the statutory factors. It is vital, for example, for the defendant to be specifically informed that the court has concluded that he or she is dangerous to the safety of the public, or poses an unacceptable risk of re-offending, or that rehabilitation appears unlikely due to his or her lack of motivation and a failure to demonstrate any interest in treatment, or that the multiplicity of offenses and victims and the impact upon the victims' lives warrant imposition of a consecutive term. Hence, reasons confirm for the defendant, the victim, the public, and the appellate court, that the decision to impose consecutive sentences was deliberate, rational, and fair.

<u>Id.</u> at 509-10, 229 P.3d at 327-28.

In <u>State v. Kong</u>, 131 Hawai'i 94, 315 P.3d 720 (2013), the supreme court elaborated on its holding in <u>Hussein</u> that a sentencing court must adequately state on the record the factors to support imposition of a consecutive sentence. The court in <u>Kong</u> held that a sentencing court adequately explained its reasoning for imposing its sentence by "(1) identifying the facts or circumstances within the range of statutory factors that the court considered and (2) confirming for the defendant, the victim, the public, and the appellate court that the decision was deliberate, rational, and fair." <u>Id.</u> at __, 315 P.3d at 728-29. The court explained that <u>Hussein</u> does not require a sentencing court to address every factor that can affect sentencing; rather, "the sentencing court is required to articulate its reasoning only with respect to those factors it relies on in imposing consecutive sentences." <u>Id.</u> at __, 315 P.3d at 728.

In this case, the Circuit Court explained its reasoning for imposing the sentence:

> . . . . I find that there was a <u>breach of trust to a vulnerable victim, age 13, with the use of weapons which constituted torture and leaving multiple scars and injuries not only physically but mentally as well</u>.
>
> The victim was <u>treated like a slave in the house and there was no hesitancy for a propensity for severe violence</u>. In this particular case, like I said, I don't doubt that she is a loving mother and a loving wife. But there are some times where punishment is deserving. This Court had the opportunity to hear all the facts in this case and <u>the facts was [sic] egregious, it was horrendous, it was gut-wrenching and, quite frankly, shocking to hear what a 13-year-old boy could sustain</u>.
>
> This Court has determined -- has considered all the factors set forth in 706-606 of the Hawai'i Revised Statutes as well as the factors that the Court must consider before imposing consecutive terms of imprisonment, which are set forth in 706-606 of HRS.
>
> This Court concludes that based on the Court's findings as well as the additional features of the seriousness of this offense or these offenses, the need to promote respect for the law and to provide just punishment and the need to deter the defendant from future crimes to protect the public, the State's motion for consecutive terms is hereby granted.

(Emphasis added.)

Fetuao argues, in essence, that the Circuit Court failed to: (1) take into consideration the fact that she has no prior criminal history, pursuant to HRS § 706-606(1); (2) explain that the court had considered any alternative sentences, pursuant to HRS § 706-606(3); and (3) consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," pursuant to HRS § 706-606(4).

However, the record supports the Circuit Court's findings and conclusions that there were "use of weapons," "multiple scars and injuries," the complaining witness (**CW**) was treated like a "slave in the house," and that "there was no hesitancy for a propensity for severe violence." Finally, the evidence presented of Fetuao's abuse of the 13-year-old CW supports the Circuit Court's conclusion that "the facts was [sic] egregious, it was horrendous, it was gut-wrenching and, quite frankly, shocking to hear what a 13-year-old boy could sustain."

The evidence includes testimony regarding: Fetuao's fracturing of the boy's rib with a broom handle, which resulted in lasting pain, but was left untreated for over a month; Fetuao's hitting the boy repeatedly with a hammer, to the point where his ear bled for two days, but he received no medical care; Fetuao's burning of CW with an iron, which left permanent scars; Fetuao's beating of CW with an extension cord, causing pain and injuries that left scars on his face and forehead; and Fetuao's spearing a broom into the boy's mouth, causing pain, cuts, and the loss of a tooth.

In imposing the consecutive sentences, the Circuit Court addressed the first factor of HRS § 706-606(1), the nature and circumstances of the offense and characteristics of the defendant, when noting Fetuao's use of weapons that left multiple scars and was physically and mentally abusive. In addition, the Circuit Court addressed the factor identified in HRS § 706-606(2)(a), the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, when it noted that Fetuao's conduct was tortuous and treated 13-year-old CW like a slave and she did not hesitate to use violence. The Circuit Court's statements also "provide[d] the conclusions drawn by the court from consideration of all the facts that pertain to the statutory factors . . . . [and] confirm[s] for [Fetuao], . . . the public, and [this Court], that the decision to impose consecutive sentences was deliberate, rational, and fair." Hussein, 112 Hawai'i at 509-10, 229 P.3d at 327-28. Here, the Circuit Court specifically weighed the interest between compassion and punishment, and it clearly related which conclusions were drawn from the evidence presented to it during trial.

Although the Circuit Court did not specifically address certain facts in the record that may have weighed in Fetuao's favor with respect to other HRS § 706-606 factors, the Circuit Court is not required to do so. See Kong, at __, 315 P.3d at 728. We conclude that the Circuit Court adequately stated in the

5

record specific facts or circumstances within the range of statutory factors that the court considered in imposing a consecutive sentence, and the record demonstrated that it was deliberate, rational, and fair.  Id. at __, 315 P.3d at 729.

For these reasons, the Circuit Court's November 14, 2012 Judgment of Conviction and Sentence is affirmed.

DATED: Honolulu, Hawai'i, February 28, 2014.

On the briefs:

Phyllis J. Hironaka
Deputy Public Defender
for Defendant-Appellant

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge